## William H. Chivers v. James S. Lytle.

*Justices' courts—Practice—Discretion in opening case after argument.*

1. Where the attorney for the defendant in a suit in justice's court refuses to cross-examine the plaintiff's witness, and states that he submits his case and will take his chances, and plaintiff thereupon rests his case, and after the arguments of the attorneys for the respective parties are made, and the justice has announced his decision in favor of the plaintiff, the defendant's attorney insists that he only made a motion for nonsuit, and requests that the case be opened and he allowed to put in his

defense, the justice acts within his discretion in refusing to open the case.

2. Where a justice, with the consent of both parties, consults with another justice in relation to the practice of opening a case after both parties have rested, that question being presented to him by a request of the defendant for such opening, the defendant is estopped from objecting to such consultation.

Error to Branch. (Loveridge, J.) Argued October 31, 1893. Decided November 10, 1893.

*Assumpsit.* Plaintiff brings error. Judgment reversed, and justice's court judgment in favor of the plaintiff affirmed. The facts are stated in the opinion.

*Paul Eaton* (*J. D. Watson*, of counsel), for appellant.

*Ware & Palmer*, for defendant.

LONG, J. This cause was commenced in justice's court, where plaintiff had judgment. The cause was removed to the circuit court by *certiorari*, where the judgment was reversed, and judgment entered in favor of defendant for costs. The case comes to this Court by writ of error.

The errors assigned in the affidavit for the writ of *certiorari* are:

1. That the justice refused to permit the defendant to cross-examine the plaintiff.

2. That he refused to allow the defendant to swear and examine his witnesses and make his defense in the cause.

3. That he erred in consulting with another justice who was present, and who was a witness in the cause.

4. That he erred in giving judgment for plaintiff.

The justice made return to the writ of *certiorari*, from which it appears, in answer to the first and second assignments of error, that when the suit was called for trial the plaintiff was sworn as a witness in his own behalf, and testified that he was a practicing physician, and attended defendant's son at defendant's request, and that such services were worth $45.25; that plaintiff's attorney there-

upon turned the witness over to defendant for cross-examination, but that defendant's attorney refused to cross-examine him, and stated, "I submit my case, and will take my chances." Plaintiff then rested his case, and defendant's attorney proceeded to the argument, and plaintiff's attorney then made his argument, and the court announced a decision, when defendant's attorney insisted he had only made a motion for nonsuit, and asked that the case be opened, and he allowed to put in his defense. To the third assignment of error, the justice returned that he consulted with the other justice only in relation to the practice of opening a case after both parties had rested, and that, before doing so, the attorneys for both parties consented thereto.

The justice's return must be taken as true. From this return it appears that the justice acted within his discretion in refusing to open the case after the parties had rested and arguments had been made. The justice conferred with the other justice present by the consent of the defendant, and, even had there been any impropriety in doing so, the defendant cannot now complain.

The judgment of the circuit court must be reversed, and the justice's court judgment affirmed, with costs of all the courts to the plaintiff.

The other Justices concurred.